UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE DE JESUS CASTANEDA-GARCIA,<br><br>                    Petitioner,<br><br>     v.<br><br>TODD BLANCHE et al.,<br><br>                    Respondents. [1] | CASE NO. 2:26-cv-1204-JNW<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Jose De Jesus Castaneda-Garcia's Petition for Writ of Habeas Corpus. Dkt. No. 1-1. Having reviewed the petition, the return, Dkt. No. 7, the traverse, Dkt. No. 10, and all other supporting materials, the Court GRANTS the Petition.

## 2.  BACKGROUND

Petitioner is a native and citizen of Mexico. Dkt. No. 9-1. He has been removed from the United States at least four times, including on February 19, 2001,

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court substitutes the acting U.S. Attorney General Todd Blanche for Pamela Bondi, the former Attorney General.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

September 6, 2007, November 14, 2013, November 10, 2020, and May 19, 2022. Dkt. No. 8 ¶ 4. During his time in the United States, Petitioner has been convicted of multiple crimes, including (1) robbery (March 3, 2003), see Dkt. No. 9-1 at 4; (2) possession of between five and 50 pounds of marijuana in violation of state law (October 30, 2008), *see* Dkt. No. 9-2; and (3) violations of 8 U.S.C. § 1326 for being found in the United States after deportation (February 2, 2009, and January 14, 2016), *see* Dkt. No. 9-5.

On April 20, 2022, before his last removal, Petitioner submitted an application for U.S. citizenship with U.S. Citizenship and Immigration Services ("USCIS"). Dkt. No. 8 ¶ 5; Dkt. No. 14. He later reentered the United States and was granted 24-hour parole based on that application. *Id.* ¶ 6. On November 14, 2023, USCIS denied Petitioner's citizenship application and Petitioner promptly filed a motion to reopen or reconsider the denial. *See* Dkt. No. 14-2 at 55, 62; Dkt. No. 8 ¶ 7.

On February 12, 2025, Petitioner was encountered by a United States Border Patrol agent in Texas. Dkt. No. 8 ¶ 8. After determining that Petitioner had remained in the country beyond the 24-hour parole granted to him years earlier, the agent placed him in custody. *Id*. Petitioner was then issued a Notice to Appear and placed into removal proceedings. *Id.* ¶ 10.

On March 5, 2025, USCIS denied Petitioner's motion to reopen or reconsider the denial of his citizenship application. Dkt. No. 14-2 at 73. He was then transferred to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he remains detained today. Dkt. No. 8 ¶ 15.

On August 11, 2025, an Immigration Judge ordered Petitioner removed to Mexico. Dkt. No. 8 ¶ 17. Petitioner filed a timely appeal with the Board of Immigration Appeals (BIA), where it remains pending. *Id.* ¶¶ 18–19.

On April 6, 2026, Petitioner filed the instant habeas petition, seeking relief from his prolonged detention. Dkt. No. 1-1.

## 3.   LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

## 4.  DISCUSSION

### 4.1   Petitioner's detention under Section 1226(c) has become unreasonable.

The Parties do not dispute that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) based on his qualifying convictions. Mandatory detention does not end the inquiry, however. Even detention that a statute authorizes must comport with due process, and the Ninth Circuit has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional[.]" *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). To determine whether mandatory detention under Section 1226(c) has become unreasonable, courts in this district apply the multi-factor test set forth in *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *7 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (collecting cases). The factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Id.* The Court analyzes each factor in turn.

The first and most important factor is the length of detention. *Id.* at 9. Petitioner has been detained for over 15 months. Respondents concede that this factor weighs in Petitioner's favor and the Court agrees. *See Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

detention of "nearly eight months" weighed in petitioner's favor); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (E.D. Cal. 2022) (finding fact that detention had spanned twelve months weighed in favor of granting bond hearing).

The second factor—the likely duration of future detention—also weighs in Petitioner's favor. Respondents contend that this factor should be "neutral as any projection would be speculative." Dkt. No. 7 at 6. Perhaps, but history and practice provide a concrete basis for assessment, as "[c]ourts in this District have observed that BIA appeals can take over six months." *Joshi v. Wamsley*, No. 2:26-CV-00148-TLF, 2026 WL 456822, at *5 (W.D. Wash. Feb. 18, 2026); *see also Toktosunov v. Wamsley,* No. 2:25-CV-1724-TL, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025) ("BIA appeals take over six months."). A subsequent appeal to the Ninth Circuit would likely take "approximately 6 to 12 months from the date of the notice of appeal to oral argument" and another "three months to a year" for a decision. *Joshi*, 2026 WL 456822, at *5 (quoting U.S. Court of Appeals for the Ninth Circuit, Frequently Asked Questions, www.ca9.uscourts.gov/content/faq.php (last visited May 1, 2026)). Because Petitioner will likely remain in detention without a final order of removal for many more months and potentially more than a year, the second factor falls in his favor.

The Government concedes, and the Court agrees, that the third factor also weighs in Petitioner's favor, as his period of detention (16 months) exceeds the confinement he served for the drug offense that subjects him to mandatory detention, which resulted only in a sentence of probation. Dkt. No. 8 ¶ 13(c).

The fourth factor—the nature of the crimes—weighs in Respondents' favor. Petitioner's rap sheet is long and contains serious crimes, including robbery, drug possession, and two convictions for illegal reentry under. These are serious offenses, and this factor favors Respondents.

The fifth factor favors Petitioner. Courts have recognized that the conditions at NWIPC are "similar … to those in many prisons and jails." *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026) (collecting cases), *report and recommendation adopted*, No. 2:25-CV-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026).

The remaining factors are neutral. As to the sixth and seventh factors, neither Party argues that the other has deliberately delayed the removal proceedings. And Petitioner's BIA appeal, which remains pending, does not weigh against him. *See Populus-Revuelta, v. Scott, et al.,* No. 2:26-CV-00636-RAJ, 2026 WL 1067317, at *5 (W.D. Wash. Apr. 20, 2026) (quoting *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018)). As to the eighth factor the Court joins other courts in this District in declining to speculate on the likelihood that the removal proceedings will result in a final order of removal. *See, e.g., Populus-Revuelta*, 2026 WL 1067317, at *6; *Gomez v. ICE Field Off. Dir.*, No. 2:25-CV-02242-TL-TLF, 2026 WL 449536 (W.D. Wash. Jan. 27, 2026), *report and recommendation adopted sub*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

*nom. Osuna Gomez v. ICE Field Off. Dir. & Facility Adm'r*, No. 2:25-CV-02242-TL-TLF, 2026 WL 447409 (W.D. Wash. Feb. 17, 2026); *Murillo-Chavez v. Garland*, No. C22-303-LK-MLP, 2022 WL 16555994, at *7 (W.D. Wash. Aug. 30, 2022), *report and recommendation adopted*, No. 2:22-CV-0303-LK, 2022 WL 16553176 (W.D. Wash. Oct. 31, 2022) ("[I]n the absence of any evidence Petitioner's appeal is frivolous or taken in bad faith, the court concludes this factor is neutral.").

Four of the *Martinez* factors weigh in Petitioner's favor—including the length of detention, which is the most important factor—one weighs in Respondent's favor, and the remaining factors are neutral. Even accounting for Petitioner's serious criminal history, his continued detention under Section 1226(c) without a bond hearing has become unreasonable and violates due process.

## 4.2    The scope of relief.

Petitioner asks for immediate release from custody or release upon an order of supervision. Consistent with the approach taken by courts in this district, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge rather than immediate release. *See Maliwat v. Scott*, No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *9 (W.D. Wash. Aug. 7, 2025) (collecting cases). At the bond hearing, Respondents bear the burden of establishing, by clear and convincing evidence, that Petitioner presents a flight risk or a danger to the community at the time of the hearing. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). If Respondents fail to provide Petitioner a constitutionally adequate hearing within fourteen days of this order, he must be immediately released.

*Jimenez v. Wolf,* No. 19-CV-07996-NC, 2020 WL 1082648, at \*4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

### 4.3    Petitioner's claims of citizenship and related relief.

Petitioner moves for leave to supplement his petition. Dkt. No. 12. The motion is GRANTED to the extent it seeks to correct the spelling of Petitioner's surname to "Castaneda-Garcia," and is DENIED to the extent it seeks an order certifying Petitioner as a U.S. citizen by birth. The issue of Petitioner's citizenship—and the denial of the same by both the USCIS and the IJ—is currently pending review before the BIA. Dkt. No. 14-5. Any decision from the BIA may be subject to review from the Ninth Circuit. *See, e.g., Brown v. Holder*, 763 F.3d 1141 (9th Cir. 2014) (discussing the BIA's dismissal of petitioner's claim of U.S. citizenship). *This* habeas action challenges the lawfulness of Petitioner's detention—not his removability or his nationality.

## 5.  CONCLUSION

Accordingly, the Court orders the following:

1. Petitioner's prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates the Due Process Clause of the Fifth Amendment.

2. The Petition for Writ of Habeas Corpus is GRANTED. Dkt. No. 1-1.

3. Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing that complies with *Singh*

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8

*v. Holder*, 638 F.3d 1196 (9th Cir. 2011), unless Petitioner requests an extension of that deadline. If bond is granted, Respondents are ORDERED to immediately release Petitioner.

4. If the individualized bond hearing is not conducted within fourteen days of this order, and Petitioner has not requested an extension of that deadline, Petitioner MUST be released immediately under appropriate conditions of supervised release.

5. Petitioner and Respondents MUST file a status report on the status of Petitioner's bond hearing no later than FIFTEEN (15) days from this order, unless the bond-hearing deadline has been extended at Petitioner's request, in which case the report is due no later than FORTY-EIGHT (48) hours after the bond hearing is held. The status report MUST detail if and when the bond hearing occurred, whether bond was granted or denied and, if denied, the reasons for that denial.

6. The motion for leave to supplement, Dkt. No. 12, is GRANTED IN PART and DENIED IN PART as set forth above.

7. The motion for extension of time, Dkt. No. 16, is DENIED as moot.

8. All other requested relief not addressed above is DENIED without prejudice.

9. If Petitioner seeks to raise new issues not previously raised in the original petition, he must file a new petition for a writ of habeas corpus and note that the new case is related to this matter so that the Clerk can assign the case to the undersigned.

Dated this 6th day of July, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 10